IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAMERON XAVIER BAKER, SR.,

                Plaintiff,

v.

LA CROSSE COUNTY JAIL,

                Defendant.

OPINION and ORDER

21-cv-399-jdp

---

Pro se plaintiff Cameron Xavier Baker, Sr. has filed a lawsuit against La Crosse County jail, alleging that he was injured after slipping and falling in the shower while he was incarcerated there. Baker contends that the shower lacked cautionary measures. Because Baker was incarcerated when he filed this lawsuit, the court must screen his complaint under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Baker says that he wants to sue the jail under state law, and his allegations might be sufficient to support a state law negligence claim against the individuals or entities responsible for designing or maintaining the shower stalls at the jail. But this court can resolve state law claims only in certain circumstances. Under 28 U.S.C. § 1332, this court has jurisdiction over state law claims if the parties are citizens of different states and the amount in controversy is more than $75,000. Because Baker alleges that he and defendant are located in Wisconsin, this court does not have jurisdiction under § 1332.

This court could resolve Baker's claim if his allegations were sufficient to state a claim under the constitution or other *federal* law. *See* 28 U.S.C. § 1331. But Baker's allegations about

falling on a slippery shower floor do not implicate the constitution or other federal law. Federal courts have generally concluded that slippery floors, by themselves, do not amount to a constitutional violation because they constitute a risk faced by members of the public at large, and the possibility of falling on them does not constitute a substantial risk of serious harm. *See, e.g., Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("[S]lippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Reynolds v. Powell*, 370 F.3d 1028, 1031, 1032 (10th Cir. 2004) ("[S]lippery floors constitute a daily risk faced by members of the public at large. . . .[T]here is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim.") (citation omitted); *Henderson v. Brown*, 2010 WL 3861056, *4 (N.D. Ill. Sept. 27, 2010) ("Wet and slippery floors . . . do not implicate the Constitution."). Baker's complaint does not include any allegations suggesting that there was anything uniquely hazardous or dangerous about the showers at La Crosse County jail that would constitutionalize his slip-and-fall claim.

Because this court lacks jurisdiction over Baker's claim, this lawsuit must be dismissed. And because Baker has failed to state a claim that can be heard by this court, I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Cameron Xavier Baker, Sr.'s complaint is DISMISSED for lack of

jurisdiction and failure to state a federal claim upon which relief may be granted.

2. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered October 21, 2021.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge